UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:00 CR 168 |
| | ) | |
| ELSTON CASTILLO | ) | |

## OPINION and ORDER

Defendant Elston Castillo was charged with being a felon in possession of a firearm on August 29, 2000 (DE # 1), and pleaded guilty to the charge on May 31, 2001. (DE # 34.) The court sentenced Castillo to a 27-month term of imprisonment. (DE # 37.) According to Castillo, on November 8, 2002, he was ordered to be deported by another court, presumably after the expiration of his term of imprisonment. (DE # 46 at 5.) Castillo further states that he was deported to Belize on February 18, 2003. (*Id.*) For reasons that are not entirely clear, Castillo is apparently back in the United States in the custody of immigration enforcement officials and is set to be deported, once again. (*Id.*)

Castillo has filed a motion for a writ of error *coram nobis,* presumably to stay deportation proceedings and/or to vacate his 2001 conviction. (DE # 46.) In his motion, Castillo primarily argues that his trial counsel was constitutionally ineffective for failing to inform Castillo that he would be deported upon the conclusion of his term of incarceration. Castillo also argues, with far less explanation, that his guilty plea was not willingly or knowingly made, that he was wrongfully arrested, that he was innocent of the crimes charged, that he should have received a downward departure in his sentence for pleading guilty, and that he was denied a speedy trial and due process of law.

The writ of *coram nobis* is an unusual and "ancient remedy" that has survived in the common law to the extent it has not been replaced by other statutory remedies. *United States v. Darnell,* 716 F.2d 479, 481 n.4 (7th Cir. 1983). The writ is employed to correct errors of "the most fundamental character," *United States v. Morgan,* 346 U.S. 502, 512 (1954), and the court's power to grant relief stems from the "all-writs" section of the Judical Code. 28 U.S.C.A. § 1651. The writ affords the same general relief as a writ of *habeas corpus*; however, while a defendant must be in custody under a court sentence to pursue a writ of *habeas corpus*, a writ of error *coram nobis* is available to a defendant after release from custody. *Howard v. United States,* 962 F.2d 651, 653 (7th Cir. 1992).

The Supreme Court has stressed society's substantial interest in the finality of judgments, stating that *coram nobis* relief is justified "only under circumstances compelling such action to achieve justice" and only where "sound reasons" exist for the failure to seek appropriate earlier relief. *Morgan,* 346 U.S. at 511-12; *accord Darnell,* 716 F.2d at 480-81. Claims that could have been raised in a direct appeal or through a prior collateral attack are outside the scope of the writ. *United States v. Keane,* 852 F.2d 199, 202 (7th Cir. 1988); *United States v. Lester,* 453 Fed. Appx. 810, 811 (10th Cir. 2011); *Jackson v. United States,* 375 Fed. Appx. 958, 960 (11th Cir. 2010); *Matus–Leva v. United States*, 287 F.3d 758, 760–61 (9th Cir.2002); *United States v. Ishola,* 248 Fed. Appx. 328, 329 (3d Cir. 2007).

In this case, most of Castillo's challenges could have been made on direct appeal, as all of the facts regarding his arrest, his alleged criminal activities, the nuances of his

sentencing, the speed or lack thereof of his trial proceedings, and the alleged lack of due process in his trial proceedings would have been known to Castillo at the time of his opportunity to appeal.[1] As for Castillo's arguments that he did not plead willfully or knowingly because he did not think he would be deported and that his counsel was ineffective for failing to explain to him that he might be deported, the facts underlying those claims would certainly have been known to Castillo when he found out, in 2002, that he was going to be deported. In other words, as of 2002, Castillo would have known all of the facts that would underlie his attack on his guilty plea and his ineffective assistance claim. If Castillo was still in federal custody at the time he learned of his pending deportation, Castillo could have filed a Section 2255 motion attacking his guilty plea and the effectiveness of his counsel's assistance. If Castillo was not in federal custody at that time, he could have filed a motion for writ of error *coram nobis.* But it was not until nearly 10 years later, when he was back in federal custody and set to be deported again, that he finally brought his guilty plea and his trial counsel's alleged ineffective assistance to the court's attention.

    The question is, then, whether Castillo has a valid reason for not raising these claims sooner. In this case, Castillo's argument is simply that he "[d]id not learn of Coram nobis petition until deportation proceedings in 2011." (DE # 46 at 6.) However, the fact that Castillo did not know that he could file a motion for a writ of error *coram*

---

[1] The record reflects that Castillo did not appeal his conviction or sentence in this case.

*nobis* does not excuse a nearly 10-year delay in doing so. Ignorance of the law is no excuse for failing to file in a timely manner, even for *pro se* prisoners. *See Raven v. Madison Area Tech. College,* 443 Fed. Appx. 210, 212 (7th Cir. 2011).[2] Having been presented with no sound reason for Castillo's failure to seek appropriate relief earlier, the court cannot grant Castillo's motion for writ of error *coram nobis*.

The court notes that the main argument contained in Castillo's motion – that his conviction should be vacated because his attorney failed to inform him that he might be deported – would not have been successful even if the court had considered it on its merits. The Supreme Court case that Castillo relies upon, *Padilla v. Kentucky,* 130 S. Ct. 1473 (2010), held that counsel engages in constitutionally deficient performance by failing to advise a defendant that his plea of guilty makes him subject to deportation. However, the Seventh Circuit recently held that *Padilla* announced a new rule of law that cannot be applied retroactively on collateral review. *Chaidez v. United States,* 655 F.3d 684, 694 (7th Cir. 2011). Because Castillo was convicted over 10 years ago and his opportunity for direct review has long since expired, any application of *Padilla* to Castillo's case in the context of the present collateral attack would be a retroactive one, which *Chaidez* explicitly forbids.

---

[2] Castillo may also be attempting to argue that his counsel's ineffective assistance deprived him of the ability to file a Section 2255 motion or a motion for writ of error *coram nobis*, but he does not explain how his trial counsel's representation prevented him from collaterally attacking his sentence after he learned that he would be deported.

4

For the foregoing reasons, Castillo's motion for writ of error *coram nobis* (DE # 46) is **DENIED.** Castillo's duplicative motion for the same (DE # 47), his request for a fee waiver (DE # 48), and his motion for a ruling (DE # 49) are **DENIED** as moot.

**SO ORDERED.**

Date: July 13, 2012

                                      s/James T. Moody
                                      JUDGE JAMES T. MOODY
                                      UNITED STATES DISTRICT COURT