UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:00 CR 168 |
| | ) | |
| ELSTON CASTILLO | ) | |

## OPINION and ORDER

Defendant Elston Castillo was charged with being a felon in possession of a firearm on August 29, 2000 (DE # 1), and pleaded guilty to the charge on May 31, 2001. (DE # 34.) The court sentenced Castillo to a 27-month term of imprisonment. (DE # 37.) According to Castillo, on November 8, 2002, he was ordered to be deported. (DE # 46 at 5.) Castillo was deported to Belize on February 18, 2003. (*Id.*) On May 11, 2012, Castillo moved for a writ of error *coram nobis*, which this court denied. (DE ## 46, 50.) Castillo appears to be back in the United States, incarcerated in California. (DE # 64 at 1.)

Castillo now moves for a writ of *audita querela*. (DE # 64.) In his motion, Castillo makes the same six arguments that he made in his motion for writ of error *coram nobis*. Specifically, Castillo argues that his trial counsel was constitutionally ineffective for failing to inform Castillo that he would be deported upon the conclusion of his term of incarceration, that his guilty plea was not willingly or knowingly made, that he was wrongfully arrested, that he was innocent of the crimes charged, that he should have received a downward departure at sentencing for pleading guilty, and that he was denied a speedy trial and due process of law. (DE # 64 at 1-9.)

As the Seventh Circuit Court of Appeals has explained, "[t]he ancient writ of audita querela, long ago abolished in federal civil proceedings, see Fed. R. Civ. P. 60(b), has no apparent relevance to criminal sentences. Black's Law Dictionary . . . describes it as a 'writ available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses.'" *Melton v. United States,* 359 F.3d 855, 856 (7th Cir. 2004). The court declines to apply this ancient, irrelevant writ to Castillo's case.

Further, as explained in the court's recent order, most of Castillo's challenges could have been made on direct appeal, as all of the facts regarding his arrest, his alleged criminal activities, the nuances of his sentencing, the speed or lack thereof of his trial proceedings, and the alleged lack of due process in his trial proceedings would have been known to Castillo at the time of his opportunity to appeal. Additionally, by the time he was deported in 2002, Castillo would have known all of the facts that would underlie his attack on his guilty plea and his ineffective assistance claim, and he could have sought collateral relief at that time or soon thereafter.

Finally, the court notes that the Supreme Court case that Castillo relies upon, *Padilla v. Kentucky,* 130 S. Ct. 1473 (2010), in which the Court held that counsel engages in constitutionally deficient performance by failing to advise a defendant that his plea of guilty makes him subject to deportation, is not retroactive on collateral review. *Chaidez v. United States,* 133 S. Ct. 1103, 1113, 185 L. Ed. 2d 149 (2013) (summarizing that "defendants whose convictions became final prior to *Padilla* therefore cannot benefit

from its holding"). Because Castillo was convicted over 10 years ago and his opportunity for direct review has long since expired, any application of *Padilla* to Castillo's case in the context of the present collateral attack would be a retroactive one, which *Chaidez* explicitly forbids.

For the foregoing reasons, Castillo's motion for writ of *audita querela* (DE # 64) is **DENIED.** Castillo's motion for appointed counsel (DE # 63) is **DENIED** as moot.

**SO ORDERED.**

Date: June 16, 2017

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT